UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

                    Plaintiff,

v.

JOHN CLARK AND VIRGINIA ANSPAUGH,

                    Defendants.
_____/

Case No. 1:12-cv-11862

Hon. Thomas L. Ludington

**ORDER GRANTING MOTION FOR INTERPLEADER**

On April 25, 2012, Plaintiff Metropolitan Life Insurance Company filed a complaint in interpleader in this Court. Lloyd Anspaugh, the complaint alleges, was a participant in the General Motors Life and Disability Benefits Program. An ERISA-regulated employee welfare benefit program, the plan is sponsored by General Motors and funded by a group life insurance policy issued by MetLife. Following Mr. Anspaugh's death, the complaint further alleges, Defendants John Clark and Virginia Anspaugh each made claims on the group life insurance benefits. Because these claims are conflicting, Plaintiff seeks to deposit the funds into this Court.

About one month after the complaint was filed, the parties submitted a stipulation and proposed order. In pertinent part, it permits Plaintiff to deposit the funds into this Court, dismisses Plaintiff from this action, and discharges both Plaintiff and General Motors from "any and all liability with respect to payment of the group life insurance benefits of the Decedent." ECF Nos. 14, 15.

The Court, observing that General Motors had not been joined as a party to this action,

directed supplemental briefing on the jurisdictional basis for adjudicating the liabilities of a non-party such as General Motors. On June 4, 2012, Plaintiff proffered its authority in the motion now before the Court. ECF No. 16.

"It is standard practice for [Plaintiff]," it explains, "to include the employer, plan sponsor, and plan in interpleader discharge language. Courts around the country, including those within the Sixth Circuit, routinely enter orders discharging ERISA-regulated life insurance fiduciaries, including MetLife, with this type of language." Pl.'s Br. Supp. Mot. of Interpleader 2 (collecting cases).

Plaintiff is correct that numerous decisions have granted the relief that Plaintiff requests (without elaboration on the jurisdictional basis for doing so). "To be sure, stare decisis promotes the important considerations of consistency and predictability in judicial decisions and represents a wise and appropriate policy in most instances. But that doctrine has never been thought to stand as an absolute bar to reconsideration of a prior decision." *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 626 (1974) (Powell, J., concurring); *see generally Black's Law Dictionary* 1443 (8th ed. 2004) (defining stare decisis as "[t]he doctrine of precedent, under which it is necessary for a court to follow earlier judicial decisions when the same points arise again in litigation"). Thus, the standard practice of district courts (including this Court) is instructive, but not dispositive. As this issue arises with some frequency, a brief discussion regarding the jurisdictional basis for entering an agreed order discharging the liabilities of a non-party may be helpful.

As a preliminary matter, it should be noted, the rule is asymmetric. That is, even if the parties to the action have all unambiguously agreed to impose liability on a non-party, doing so would violate due process. *E.g.*, *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983).

It is an "elementary and fundamental requirement of due process" that "prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks omitted) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see generally* Fleming James et al., *Civil Procedure* 96 (2001) ("A fundamental rule of procedure, now incorporated in the Due Process Clause, provides that persons may not have their rights and obligations determined in a proceeding of which they have no notice.").

While parties may not agree to impose liability on a non-party, they may agree to discharge the non-party's liabilities. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 347 (1971); *TMTV, Corp. v. Mass Prods.*, 645 F.3d 464, 472 (1st Cir. 2011) ("[W]here the judgment is based on a settlement, courts may look to the intent of the settling parties. Here, nothing shows that . . . the parties to that case intended to release anyone else."). The *Restatement (Second) of Judgments*, for example, provides that a settlement agreement "does not discharge the liability of any of the other persons liable for the loss, except . . . [t]o the extent that the agreement may so provide." *Id.* § 50(1)(a). Illustrating the rule's operation, § 50 provides the following hypothetical:

> A is injured as the result of the concurrent acts of B and C. A brings an action against both B and C, but before trial releases B with a reservation of his rights against C, in return for a payment of $1,000. A then recovers judgment against C, the extent of his loss being determined to be $5,000. C's liability to A under the judgment is limited to $4,000.

*Id.* cmt. c, illus. 1. "Whether an agreement terminating a judgment debtor's obligation should

be construed as intending the termination of another obligor's liability," the comments elaborate, "is a matter of contract interpretation." *Id*. cmt. b; *cf*. E. H. Schopler, Annotation, *Release of One Joint Tortfeasor as Discharging Liability of Others: Modern Trends*, 73 A.L.R.2d 403 (1960) (collecting cases).

In sum, Plaintiff is correct that the Court has the authority to discharge the liabilities of a non-party such as General Motors when "the parties to [the] action have all unambiguously agreed" to do so. Pl.'s Br. 3. The motion will be granted and the stipulated order entered.

Accordingly, it is **ORDERED** that Plaintiff's motion for interpleader (ECF No. 16) is **GRANTED**.

Dated: June 27, 2012

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2012.

                      s/Tracy A. Jacobs
                      TRACY A. JACOBS