UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

                  Plaintiff,

v.

JOHN CLARK AND VIRGINIA ANSPAUGH,

                  Defendants.

_____/

Case No. 1:12-cv-11862

Hon. Thomas L. Ludington

**ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT AND AUTHORIZING
PARTIAL DISTRIBUTION OF FUNDS ON DEPOSIT**

On April 25, 2012, Plaintiff Metropolitan Life Insurance Company filed a complaint in interpleader in this Court. Plaintiff sought to interplead $25,650.00 payable under a group life insurance policy.

Lloyd Anspaugh, Plaintiff's complaint alleges, was a participant in the General Motors Life and Disability Benefits Program. An ERISA-regulated employee welfare benefit program, the plan is sponsored by General Motors and funded by a group life insurance policy issued by MetLife.

Mr. Anspaugh's wife, Virginia Anspaugh, was named as beneficiary on the policy in 1955. Fifty-six years passed. Shortly before Mr. Anspaugh died, he allegedly changed this beneficiary from his wife to his friend, John Clark. The beneficiary designation form was filed with Plaintiff on May 5, 2012. Twenty-one days later, Mr. Anspaugh died.

Following Mr. Anspaugh's death, Mr. Clark and Ms. Anspaugh each made claims on the group life insurance benefits. Mr. Clark claimed that he was entitled to the funds because he was identified as the sole primary beneficiary on the latest beneficiary designation form on file with Plaintiff. Ms. Anspaugh claimed that she was entitled to the funds because the May 21

beneficiary form was fraudulently completed or was the product of undue influence.

Because these claims were conflicting, Plaintiff sought to deposit the funds into this Court.  The parties agreed.  ECF Nos. 14–15.  And so Plaintiff deposited the funds with the Court and was dismissed from the case.  ECF Nos. 17–18.

This left the dispute between Mr. Clark and Ms. Anspaugh pending.  ERISA requires plan administrators to act "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). "[T]he Act provides no exemption from this duty when it comes time to pay benefits."  *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009); *Metro. Life Ins. Co. v. Flusty*, 545 F. Supp. 2d 624, 627–28 (E.D. Mich. 2008) ("The law in the Sixth Circuit is clear: the Plan administrator must pay the named beneficiary on an ERISA-regulated plan the plan benefits."); *see Union Sec. Ins. Co. v. Alexander*, 11-10858, 2011 WL 5199918, at *3–4 (E.D. Mich. Nov. 2, 2011).

Decisions of this district, however, also recognize "a fundamental difference between state law causes of action that challenge a plan beneficiary's right to *receive* the proceeds of an ERISA plan and those that seek to challenge a plan beneficiary's right to *keep* the proceeds of an ERISA plan."  *Brown v. Wright,* 511 F. Supp. 2d 850, 853 (E.D.Mich.2007) (emphasis in original).  As one commentator has explained: "Once the proceeds are distributed, the person seeking recovery of the proceeds is no longer seeking a determination of the beneficiary under the plan, but is instead challenging who has the continuing right to retain the proceeds."  Teia Moore, Comment, *When Happily Ever After is Not Ever After, After All: Rectifying the Plan Documents Rule Under ERISA to Benefit the Right Person,* 52 S. Tex. L.Rev. 127, 133 (2010). Questions arise, however, over whether a federal court should retain jurisdiction to adjudicate

those claims — claims arising under state law. *E.g.*, *Couch v. Reinhold*, 4:06-CV-146, 2008 WL 659513, at \*6 (W.D. Mich. Mar. 6, 2008) ("What remains in this suit is a state law claim for constructive trust which, as a matter of law, is not subject to a federal preemption defense. . . . While the Court retains discretion to entertain the state law claim if justice so requires, the Court is of the opinion that it should dismiss the claim and leave it to resolution by the Michigan state courts.").

Instead of litigating whether the May 21 beneficiary form was fraudulently completed, whether it was the product of undue influence, and whether this Court was the proper forum for litigating either of these issues, Mr. Clark and Ms. Anspaugh agreed to mediate their dispute.

Specifically, they agreed "to this matter being subjected to case evaluation pursuant to Michigan Court Rule 2.403," and further agreed "to be bound by all provisions" of that rule. ECF No. 20. The parties then proceeded to case evaluation in the Bay County Circuit Court. There, agreement was reached that Ms. Anspaugh would receive $5,000, with the balance to Mr. Clark. And the Court was notified that the case evaluation had been accepted by the parties. ECF No. 25. About this time, however, the consensual nature of the proceedings ended.

Ms. Anspaugh has declined to stipulate to an order of judgment. Ms. Anspaugh's counsel, in turn, has moved to withdraw. ECF No. 26. And Mr. Clark has moved for entry of judgment. ECF No. 28.

As noted, the parties agreed to be bound by the provisions of Michigan Court Rule 2.403, and that agreement was memorialized in an order issued by this Court. ECF No. 22. In pertinent part, that rule provides: "If all the parties accept the panel's evaluation, judgment *will* be entered in accordance with the evaluation." Mich. Ct. R. 2.403(m) (emphasis added). Because all

parties accepted the panel's evaluation, Mr. Clark's motion will be granted.

Accordingly, it is **ORDERED** that John Clark's motion for an order of judgment pursuant to case evaluation award (ECF No. 28) is **GRANTED** and Mr. Clark is awarded the funds on deposit with the Court in this case, together with accrued interest, less $5,000.

It is further **ORDERED** that the Clerk will forthwith distribute to Smith & Brooker, PC on behalf of John Clark the amount of $23,631.02, together with accrued interest, representing a partial distribution on the funds held by this Court.  The Clerk shall mail the check to 703 Washington Ave., Bay City, Michigan 48708.

It is further **ORDERED** that $5,000 will be retained by the Clerk for future payment to Ms. Anspaugh in an interest bearing account and  the Clerk is authorized to deduct from the account any fee authorized by the Judicial Conference of the United States.

Dated: April 5, 2013

         s/Thomas L. Ludington
         THOMAS L. LUDINGTON
         United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic and via first class mail upon Virginia Anspaugh, 7630 55th Street N., Pinellas Park, FL 33781, on April 5, 2013.

    s/Tracy A. Jacobs
    TRACY A. JACOBS